[610 NYS2d 850]

In the Matter of ALFRED H. MATTIKOW, an Attorney, Resignor.

Second Department, April 18, 1994

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Etta M. Biloon* of counsel), for Grievance Committee for the Ninth Judicial District.

*Frank H. Connelly, Jr.,* New York City, for resignor.

### OPINION OF THE COURT

Per Curiam.

Alfred H. Mattikow has submitted an affidavit dated February 1, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Mattikow acknowledges that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District concerning his mishandling of his attorney escrow account and that the Grievance Committee will recommend to

the Court that disciplinary charges be prosecuted against him based upon that investigation. Mr. Mattikow further acknowledges that he would be unable to defend himself against the charges of professional misconduct predicated upon the misconduct in question.

Mr. Mattikow's proffered resignation expressly states that, to his knowledge, he has accounted to all clients or parties for any and all funds that he has been entrusted with to be held in escrow. To the extent that any funds may not be accounted for, Mr. Mattikow has expressed his awareness that, pursuant to Judiciary Law § 90 (6-a), this Court may, in an order entered permitting him to resign, require him to make monetary restitution to any person whose money or property was misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York. He specifically acknowledges his duty to make restitution in the sum of $32,500, in a specific real estate transaction in which he was entrusted with the contract deposit in that amount, to either the purchaser of the property if the sale is aborted or to the seller of the property, in the event the sale is consummated. Furthermore, he is aware that an order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Mattikow acknowledges that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress by anyone, and that he has discussed his resignation with his attorney and is fully aware of the implications of its submission.

Inasmuch as the proffered resignation conforms with the rules of this Court, the resignation of Alfred H. Mattikow as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Alfred H. Mattikow is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

The resignor's request that he be allowed a period of 90 days to wind up his practice is denied.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Alfred H. Mattikow is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alfred H. Mattikow is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Alfred H. Mattikow shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alfred H. Mattikow is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Alfred H. Mattikow is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

> $32,500, to either the purchaser under the real estate contract at issue, if the sale is aborted, or to Brewster Equities, Inc., the seller, if the sale is consummated;

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), Alfred H. Mattikow shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protec-

tion, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person; and it is further,

Ordered that Alfred H. Mattikow's request to delay the effective date of his resignation to permit him to wind up his practice is denied.